UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SHAH, | No. C-12-5293 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND DISMISSING COMPLAINT** |
| VETERANS ADMINISTRATION, *et al.*, | |
| Defendants. | **(Docket No. 3)** |

Plaintiff Fernando Shah has filed a complaint against the Veterans Administration[1] and Department of Veterans Affairs. Plaintiff alleges that he suffered a heat stroke and exhaustion injury in July 1989 while a member of the military, resulting in disabling physical and psychological conditions that exist to this day. He files suit for approval of all VA pension and disability benefits, approval of appropriate VA medical examinations and rehabilitation treatments, and approval for retroactive consideration. Plaintiff has also filed with the Court an application to proceed *in forma pauperis*.

**I. DISCUSSION**

A. *In Forma Pauperis* Application

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See*

---

[1] Plaintiff refers to the Veterans Administration by the acronym "VBA" in his complaint, suggesting that he intended to name the Veterans Benefits Administration. *See* Compl., Docket No. 1, at 2.

*Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).  Section 1915(a) does not require an applicant to demonstrate absolute destitution.  *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

In his application, Plaintiff states that he is currently unemployed.  He states that at his last job, he made approximately $16 to $25 per hour, but was suspended on July 28, 2010 and terminated on April 12, 2011.  Plaintiff also lists that he earned approximately $1682 "monthly net" and $2600, but does not specify which of these sums was his salary, if either.  Plaintiff lists the California EDD under his last employment, so it is possible that one or the other of these sums, likely the smaller figure, reflects the amount of unemployment insurance he received following his termination.  He now receives $853 monthly on SSDI.  He does not own a home, only has $350 in his bank account, and does not have any other assets.  Moreover, he owes $5000 on a credit card and approximately $4500 in student loans.  Given this information, Plaintiff's application to proceed *in forma pauperis* is granted.

B.    Allegations in Complaint

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  The determination of whether the litigant has stated a claim is decided under the same standard used in Rule 12(b)(6) motions to dismiss.  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability *requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully."* *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

      The Court notes that "*pro se* pleadings are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A court may dismiss as frivolous, however, claims that are clearly baseless, fanciful, fantastic, or delusional. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992).

      Plaintiff's complaint alleges that he served actively with the 2nd and 3rd Marine Divisions for four years. Compl., Docket No. 1, at 4. As a result of heat stroke and exhaustion suffered during a force march in Panama in July 1989, he was hospitalized for four days with a body core temperature of approximately 104 to 106 degrees. *Id.* Although the medical service records listed the injury as an immediate Medivac, his condition was not recorded medically until approximately four hours later. *Id.* Since that time, when Plaintiff is stressed or exposed to anxiety, he experiences ear and head aches, blurred eyesight, and memory problems. *Id.* He also suffers additional psychological and physiological disruptions. For example, a doctor's visit may trigger abdominal and kidney pain, anxiety, hypertension, clotting, and blurred positive and negative memories from his July 1989 hospitalization and his time on active military service. *Id.* Plaintiff has been diagnosed with PTSD, hearing loss, abdominal pain, memory loss, and anxiety. *Id.*

      Plaintiff brings suit under the Americans with Disabilities Act "Title 2 § 21112(3)" and "Title 5 § 1177 & 1178 Veterans Act." *Id.* at 2. He seeks approval of all VA pension and disability benefits, approval of appropriate VA medical examinations and rehabilitation treatments, and approval for retroactive consideration. *Id.* at 6.

C.   <u>Americans with Disabilities Act</u>

      Plaintiff does not identify why his complaint falls within the ambit of the Americans with Disabilities Act ("ADA"), and the cited code section, Title 2 section 21112(3), does not exist, although it is possible Plaintiff intended to cite to 42 U.S.C. section 12112, which is part of Title I of

3

the ADA and prohibits discrimination in employment.  However, Plaintiff does not allege any facts with respect to employment.

As a general matter, Title 2 of the Americans with Disabilities Act prohibits discrimination against individuals with disabilities by state and local governments, not the federal government. *See generally* 42 U.S.C. §§ 12131-65.  The federal government is prohibited from discriminating against individuals with disabilities pursuant to the Rehabilitation Act of 1973. *See generally* 29 U.S.C. § 701 *et seq.*  In particular, section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of . . . his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . under any program or activity conducted by any Executive agency . . . ." 29 U.S.C. § 794.

Plaintiff's ADA claim fails as a matter of law, in that he names federal public entities, not state or local public entities.  If he were to assert a claim under the Rehabilitation Act, he has not pled facts establishing he was discriminated against within the meaning of the Act, but rather that he was denied various disability benefits.

D.      Veterans Benefits

Plaintiff asserts that he has claims under Title 5, sections 1177 and 1178 of the "Veterans Act." *See* Compl., Docket No. 1, at 2.  It is unclear what law Plaintiff is referencing, as there are numerous federal acts referencing "Veterans," but no "Veterans Act." *See* U.S. House of Representatives, Office of the Law Revision Counsel, *Popular Name Tool* http://uscode.house.gov/popularnames/popularnames.htm (last visited Nov. 1, 2012).  Moreover, Title 38 of the U.S. Code, which covers Veterans' Benefits, does not have a section 1177 or 1178.

Based on the substance of Plaintiff's complaint, it appears that he wishes to appeal a determination on veterans' benefits by the VA. *See id.* at 6.  Appeals under the veterans' laws are subject by statute to exclusive jurisdiction by the Board of Veterans' Appeals, then by the United States Court of Appeals for Veterans Claims, and then by the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. §§ 7105, 7252, 7292; 77 Am. Jur. 2d Veterans and Veterans' Laws §

167 (2012). Thus, even if Plaintiff properly pled a claim for relief under Title 38 of the U.S. Code, this Court would not have jurisdiction. Therefore, this cause of action must also be dismissed.

For Plaintiff's benefit, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Mr. Shah may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-9000 extension 8657, for free legal advice regarding his claims.

## II. CONCLUSION

Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, his ADA claim is hereby **DISMISSED** with prejudice, and his benefits appeal is hereby **DISMISSED** without prejudice.

This order disposes of Docket No. 3

IT IS SO ORDERED.

Dated: November 6, 2012

_____
EDWARD M. CHEN
United States District Judge