UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SHAH,<br><br>    Plaintiff,<br><br>    v.<br><br>VETERANS ADMINISTRATION, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-12-5293 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>**(Docket No. 11)** |

Before the Court is Plaintiff Fernando Shah's letter received on September 10, 2013. The Court construes Mr. Shah's letter as a motion for relief from judgment and **DENIES** the motion.

## I. BACKGROUND

Mr. Shah filed the instant action alleging that he suffered from a variety of medical conditions as a result of his service in the United States Marine Corps including anxiety, head aches, memory issues, among others. (Complaint, Dkt. 1, at 4). Plaintiff asserted a cause of action under the Americans with Disabilities Act ("ADA") "Title 2 § 21112(e)" and "Title 5 § 1177 & 1178 Veterans Act." *Id.* at 2. Plaintiff sought approval of all VA pension and disability benefits. (*Id.* at 6).

On November 6, 2012, this Court granted Plaintiff's application to proceed *in forma pauperis* and then, pursuant to 28 U.S.C. § 1915(e)(2), dismissed the complaint with prejudice. The Court first found that the specific ADA code sections upon which Plaintiff relied did not exist. (Dkt. No. 10, at 3). More fundamentally, the Court found that Plaintiff could not state a claim against the federal government under the ADA. (*Id.* at 4). Finally, the Court found that the

complaint, even if construed as attempting to assert a Rehabilitation Act claim, failed to state a claim because Plaintiff had "not pled facts establishing he was discriminated against within the meaning of the Act, but rather that he was denied various disability benefits." (*Id.*)

With regards to Plaintiff's claims to veteran benefits, the Court construed Plaintiff's complaint as attempting to appeal a determination on veterans' benefits by the VA. (*Id.*) The Court concluded, however, that it lacked jurisdiction to hear this claim as these appeals were subject to the "exclusive jurisdiction by the Board of Veterans' Appeals, then by the United States Court of Appeals for Veterans Claims, and then by the United States Court of Appeals for the Federal Circuit." (*Id.*)

Ten months later, Plaintiff filed the instant letter. In it, he states that he would like to "re-file" his action with the assistance of the Legal Help Center. (Dkt. No. 11, at 1). He states that he has "not received any benefit, payment, or active medical prognosis although my claim has been consistent with the local, and other rules of law." (*Id.*). He also states that his "previous claim [sic] submitted had already been denied by the VBA,[1] and was not accorded legally [sic]. Any formal consideration for this claim must be filed inspite [sic] of hardships, or Pro Se status" (*Id.*) Plaintiff also states that he "wish[es] to amend the Statute to list as Title 38, Section TBA, for casual appointment, and consideration." (*Id.*)

## II. DISCUSSION

As an initial matter, the Court construes Plaintiff's letter as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Under Rule 60(b):

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . misrepresentation, or misconduct by an opposing party;

---

[1] Presumably, Plaintiff is referring to either the Board of Veterans Appeals or the Veterans Benefits Administration.

2

(4) the judgment is void

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justified relief.

Fed. R. Civ. P. 60(b).

Plaintiff has not satisfied any of the grounds for Rule 60(b) relief. Rather, he attempts to be reasserting his claim that he is entitled to veterans' benefits and that the denial by the Veterans Benefits Administration was improper. This is the same underlying matter raised in his complaint. (*Compare* Dkt. 11, *with* Dkt. 1, at 6, 9). "It is not the proper function of a Rule 60(b) motion to reargue matters that have already been litigated." *Center for Biological Diversity v. Norton*, 304 F. Supp. 2d 1174, 1178 (D.Ariz. 2003).

Further, as the Court indicated in its prior order, it does not have jurisdiction to review Plaintiff's claim that the Veterans Benefits Administration has improperly handled or denied his claim. *See, e.g.*, *Veterans v. Common Sense v. Shinseki*, 678 F.3d 1013, 1016 (9th Cir. 2012) ("We conclude that we lack jurisdiction to afford relief [regarding claims of delayed processing of veterans benefits] because Congress, in its discretion, has elected to place judicial review of claims related to the provision of veterans' benefits beyond our reach and within the exclusive purview of the United States Court of Appeals for Veterans Claims and the Court of Appeals for the Federal Circuit.").

Plaintiff's motion is **DENIED**.

This order disposes of Docket No. 11.

IT IS SO ORDERED.

Dated: September 30, 2013

_____
EDWARD M. CHEN
United States District Judge